IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IVAN E. RAIKLIN,

          Plaintiff,

v.                                    Civil Action No. 3:18-cv-288-JAG

VIRGINIA DEPARTMENT/BOARD
OF ELECTIONS, *et al.*,

          Defendants.

## ORDER

This matter is before the Court on defendants' motions to dismiss filed with proper *Roseboro* notices on May 23 and May 24, 2018. (Dk. Nos. 7, 10.) The plaintiff never responded to the two dispositive motions. The Court hereby DISMISSES the case WITHOUT PREJUDICE for failure to prosecute.

According to the complaint, the defendants wrongfully prevented the plaintiff, Ivan Raiklin, from appearing on the Republican primary ballot by refusing to properly count petition signatures. Raiklin filed a motion for a preliminary injunction in which he asked that the Court enjoin the defendants from printing ballots for the June 12, 2018, Republican primary without his name listed as a candidate. The Court denied that motion based on laches.

Raiklin refers to his counts as "issues" in his complaint and says that the defendants (1) violated the Voting Rights Act, 42 U.S.C. § 10101 by keeping him off the ballot through an improper signatures check; (2) violated the Fourteenth Amendment Equal Protection Clause by treating him differently than other candidates; (3) violated the Fourteenth Amendment's Due Process and Equal Protection clauses when they refused to hear his appeal of the Republican

Party's decision to disqualify him; and (4) violated Virginia's First and Fourteenth Amendments as well as Virginia Administrative Code by denying him the right to vote. As relief for his claims, Raiklin seeks (1) a preliminary injunction from printing ballots without his name, which the Court denied, (2) an injunction to move the primary from June 12, 2018, until July 10, 2018; (3) monetary damages in the amount of $350,000 based on a loss of campaign fundraising ability while not on the ballot; (4) attorneys' fees in the amount of $10,000 and the filing fee of $400; (5) $923 for the 9th Congressional District Database he purchased to try to verify his signatures; and (6) $500 in travel expenses.

Raiklin's complaint brings a number of complicated constitutional claims, some of which would require close inspection to decipher their parameters and evaluate their merits. The claims for injunctive relief, however, failed based on the equitable theory of laches. Further, those two claims are now moot in light of the fact that the primary has already occurred. The non-responsive plaintiff has therefore failed to show that a live controversy exists at this stage as to claims related to injunctive relief.

Raiklin seeks monetary damages as well, but his failure to respond to the motions to dismiss leaves the Court with an inartfully plead complaint and no rebuttal from the plaintiff on why his case should not be dismissed. Courts have the discretion to find that a plaintiff has abandoned his claims where the plaintiff fails to respond to a dispositive motion. *Walker v. Mary Washington Healthcare*, No. 3:15CV717, 2017 WL 3262252, at *5 (E.D. Va. July 31, 2017) (Lauck, J.) (collecting cases). In this case, because most of Raiklin's claims appear moot and because he has taken more than twice the time permitted to respond to the defendants' motions to dismiss, the Court will DISMISS this case WITHOUT PREJUDICE for a failure to prosecute.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: July 9, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3